UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., d/b/a/ Rain for Rent,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JERRY W. GOODWIN, et al.,  )<br>  )<br>Defendants.  )<br>_____) | 2:09-cv-00286-RLH-LRL<br><br>Application for Writ<br>of Possession (#80-5) |

## REPORT & RECOMMENDATION

This case comes before the court on plaintiff's Application for Writ of Possession (#80-5). The court has considered the Application, defendants' Opposition (#80-6), plaintiff's Reply (#80-6), and the arguments presented by counsel during the telephonic hearing on October 21, 2009. For the reasons that follow, the undersigned U.S. Magistrate Judge recommends that the Application for Writ of Possession be granted.

## BACKGROUND

This is an action for breach of contract, quantum meruit, and claim and delivery. The claims arise out of plaintiff's sale of pivot irrigation equipment to defendants Jerry and Flora Goodwin, doing business as O Bar Cattle Company, for their use on ranch property in Elko County, Nevada. Plaintiff alleges that defendants have breached the terms of the written Application for Credit, Master Rental Agreement, Sales Agreement, and documents incorporated therein, by failing to pay in full for the furnished equipment and by failing to return the equipment upon demand. Plaintiff contends there is a principal balance due and owing in

the amount of $327,994.52, plus interest.

On or about April 17, 2006, Jerry Goodwin executed a document called "Application for Credit, Master Rental Agreement, Sales Agreement" (hereafter the "Master Rental Agreement"). Plaintiff requires its customers to execute these documents before it will sell, rent or furnish labor, equipment, materials or services to a customer. Between December 31, 2006 and September 30, 2007, plaintiff furnished irrigation pipe and equipment to the Goodwins pursuant to the Master Rental Agreement, custom estimates, and invoices. Despite demand, as of October 2007, the Goodwins had not paid the balance due and owing for the pipe and equipment in the amount of almost $400,000 plus interest. After crediting all payments and equipment returns, the outstanding balance due on the invoices is now $327,994.52, plus interest. On October 24, 2007, plaintiff filed and recorded a UCC Financing Statement relating to the pipe and equipment supplied to the Goodwins. On December 10, 2007, plaintiff filed and recorded an amended UCC Financing Statement relating to the same pipe and equipment. At all relevant times the irrigation pipe and equipment in question has been used for the benefit of O Bar Cattle Company.

On December 20, 2007, plaintiff filed this action to collect the balance due. On May 2, 2008, pursuant to the terms of the Master Rental Agreement and invoices, plaintiff demanded that the Goodwins turn over the equipment that had not been paid for. The Goodwins refused, and, according to plaintiff, have secured the equipment so as to prevent plaintiff from accessing and repossessing it. On May 21, 2008, plaintiff demanded access to the equipment, which the Goodwins denied. Under the Master Rental Agreement and the individual invoices, the Goodwins had agreed to allow plaintiff to inspect the equipment at any time and wherever the equipment is located. Also under the Master Rental Agreement and each invoice, plaintiff is entitled to retake possession of the equipment in the event the Goodwins fail in any way to comply with the terms or conditions of the Master Rental Agreement or the invoices.

This case was originally filed in the Eastern District of California. Because the pipe and

equipment in question were located in Nevada, the case was transferred to this court on February 3, 2009. On June 9, 2008, well prior to the transfer, plaintiff had filed an Application for Writ of Possession, which was fully briefed in the Eastern District of California. On October 4, 2008, a U.S. Magistrate Judge in the Eastern District of California submitted his Findings and Recommendation, in which he recommended that the Application be granted. Due to the subsequent transfer of the case to the District of Nevada, the District Judge in the Eastern District did not address the Magistrate Judge's recommendation. The matter of the writ of possession was therefore submitted anew to the undersigned Magistrate Judge based on the transferred record.

## DISCUSSION

Under Fed. R. Civ. P. 64(a),

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Here, plaintiff seeks the state provisional remedy of a writ of possession. Nevada law provides for the return of property to a creditor by means of writ of possession. N.R.S. 31.840 provides that

> the plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons, or at any time before answer, claim the delivery of such property to him as provided in this chapter.

The plaintiff's application must conform to N.R.S. 31.850, which provides:

> Where a delivery is claimed, an affidavit shall be made by the plaintiff, or by someone in his behalf, and filed with the court showing:
>   1. That the plaintiff is the owner of the property claimed (particularly describing it), or is lawfully entitled to the possession thereof.
>   2. That the property is wrongfully detained by the defendant.
>   3. The alleged cause of the detention thereof according to his best knowledge, information and belief.
>   4. That the same has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or an attachment against the property of the plaintiff, or, if so seized, that it is by statute exempt from such seizure.
>   5. The actual value of the property.

If upon a hearing the court makes a "preliminary determination" that there is a "reasonable probability" that the plaintiff is entitled to possession of the property pending final adjudication on the merits, the court may direct the issuance of a prejudgment writ of possession. N.R.S. 31.863(1). If there is "reasonable cause" to believe that the plaintiff is a secured party, the plaintiff will not be required to file a written undertaking. N.R.S. 31.863(2).

Based on the Master Rental Agreement, attached to plaintiff's Application (#80-5) as Exhibit A; the invoices reflecting the outstanding balance due, attached to the Application as Exhibit B; the terms and conditions set forth on the reverse side of each invoice contained in Exhibit B, attached to the Application as Exhibit C; the inventory of each piece of equipment owned by plaintiff for which payment is due, attached to the Application as Exhibit D; and the sworn Declaration of Tim Bastian (#80-5, at pp. 40-43), who is and has been plaintiff's Credit Manager since 1996, and who oversees the customer accounts and the collection of unpaid invoices, the court finds:

1. That between December 31, 2006 and September 30, 2007, plaintiff furnished the equipment at issue to the Goodwins pursuant to the Master Rental Agreement, custom estimates and invoices;

2. That pursuant to paragraph 2 of the Master Rental Agreement and paragraph 2 of each invoice, the Goodwins were obligated to pay plaintiff for all invoiced charges within 30 days of the invoice;

3. That pursuant to paragraph 12 of the Master Rental Agreement and paragraph 11 of each invoice, upon the Goodwins' default, plaintiff may retake possession of the equipment;

4. That as of October, 2007, there was a balance due and owing for the equipment at issue in the amount of $391,591.72 plus interest;

5. That in view of certain credits to which the Goodwins are entitled, and certain items of equipment that plaintiff was able to retake, the amount still due and owing has been reduced to $327,994.52 plus interest for the equipment still in the Goodwins' possession;

6. That plaintiff is lawfully entitled to the possession of the claimed equipment, which is particularly described in Exhibit D;

7. That the Goodwins have not allowed plaintiff to have access to or retake possession of the equipment described in Exhibit D, despite demand;

8. That the equipment described in Exhibit D is wrongfully detained by the Goodwins;

9. That there is no dispute concerning the location of the equipment at issue or whether it has been taken for a tax, assessment or fine;

10. That the parties agree that the value of the equipment described in Exhibit D is $257,686.92; and

11. That there is reasonable cause to believe that plaintiff is a secured creditor.

The court therefore preliminary determines that there is a reasonable probability that the plaintiff is entitled to possession of the property at issue pending final adjudication on the merits.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff's Application for Writ of Possession (#80-5) be granted, and that a prejudgment writ of possession be issued for the property described in Exhibit D. Plaintiff should not be required to file an undertaking, but should be directed to submit a proposed writ of attachment that conforms to N.R.S. 31.866 and contains as an attachment the description of the claimed equipment set forth in Exhibit D.

DATED this 15th day of March, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**