# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., a Delaware corporation and doing business as RAIN FOR RENT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JERRY W. GOODWIN, an individual and doing business as O BAR CATTLE CO., SECURITY WEST FINANCIAL CO., INC., an Idaho Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:09-cv-00286-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Attorneys' Fees–#210;<br>Motion for Attorney's Fees–#224;<br>Motion for Bond–#232;<br>Motion for Hearing–#249) |

Before the Court is Defendants Jerry Goodwin and Flora E. Goodwin's ("Goodwin") **Motion for Attorneys' Fees and Costs** (#210), filed May 28, 2010. The Court has also considered Plaintiff Western Oilfields Supply Company's ("Western") Opposition (#234), filed June 10, 2010, Goodwin's Reply (#237), filed June 25, 2010, Goodwin's Supplemental Reply (#240), filed July 9, 2010, and Western's Response to Goodwin's Supplemental Reply (#242), filed July 13, 2010.

/

1

Also before the Court is Western's **Notice of Motion and Motion for Determination of Prevailing Party Status and for Award of Attorneys' Fees and Costs** (#224), filed June 4, 2010. The Court has also considered Goodwin's Opposition (#237), filed June 25, 2010, and Western's Reply (#239), filed July 6, 2010.

Additionally, before the Court is Western's **Motion for Approval of Supersedeas Bond and Order of Stay of Execution Upon Posting of Approved Bond** (#232), filed June 8, 2010. The Court has also considered Goodwin's Opposition (#236), filed June 25, 2010.

Finally, before the Court is Goodwin's **Request for Hearing** (#249), filed August 5, 2010.

## BACKGROUND

This dispute arises from Western's allegations that Goodwin was in breach of contract of the "Application for Credit; Master Rental Agreement; Sales Agreement," an agreement entered into between Western and Goodwin in April 2006 (hereinafter referred to as "the Contract"). Western filed its Complaint in the Eastern District of California in December 2007. Goodwin also asserted a promissory estoppel claim against Western in his Amended Answer, filed in June 2008. The case was then transferred to this Court in February 2009.

During the course of the litigation, Western applied for and obtained a Writ of Possession, allowing it to recover certain farming equipment in Goodwin's possession. Following a four-day trial, a jury returned a verdict in favor of Goodwin and awarded Goodwin $100,000 in damages for his promissory estoppel counterclaim (*See* Dkt. # 208, Jury Verdict, May 21, 2010). The jury also found against Western on its contractual claims. Furthermore, upon a motion for directed verdict at the close of Western's case-in-chief, the Court dismissed Flora Goodwin from the case. Western has now filed a Notice of Appeal to the Ninth Circuit (Dkt. #218) contesting both the jury verdict and directed verdict.

On May 28, 2010, one week after the jury returned its verdict, Goodwin filed a motion for attorney's fees, claiming to be the prevailing party at trial. Western also filed a motion

for attorney's fees on June 4 making the same claim. On June 8, Western also filed a motion requesting the Court to approve a supersedeas bond to stay enforcement of the judgment pending appeal. Finally, on August 5, Goodwin filed a request for a hearing on the above motions. For the following reasons, the Court reserves its decision on Goodwin's motion for attorneys fees, denies Goodwin's request for hearing, grants Western's motion for bond, and denies Western's motion for attorney's fees.

**DISCUSSION**

As a preliminary matter, the Court notes that a federal district court exercising diversity jurisdiction is required to apply the substantive law of the state in which it sits. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Furthermore, when transfer of a diversity case is ordered under § 1404(a), the transferee court must apply the law that would have been applied in the transferor court. *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). Because this case was transferred from the Eastern District of California the Court will apply California law.

I.  **Attorney's Fees and Costs**

Both Western and Goodwin have filed a motion for attorney's fees in this case, each claiming to be the prevailing party at trial. This section will address these motions together.

a.  **Legal Standard**

Under the "American Rule," parties generally assume the burden of paying their own attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). There are, however, several exceptions to this general rule, two of which are relevant to this case. First, if parties agree by contract to permit recovery of attorney's fees a federal court will enforce that contract according to its terms. *FDIC v. Lugli*, 813 F.2d 1030, 1034 (9th Cir. 1987). Second, attorney's fees may be awarded pursuant to a statute providing for such an award. *Alyeska Pipeline*, 421 U.S. at 257. Because California law applies in this case, the Court will consider these motions under California Civil Code § 1717, which provides for attorney's fees to a

/

prevailing party in a contractual dispute. *MRO Commc'ns v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline*, 421 U.S. at 259 n. 31).

**b.   Analysis**

The Court will begin its analysis by discussing the claims made under the Contract, followed by the claims made under California Civil Code § 1717.

**i.   Contractual Claims**

Both Western and Goodwin make claims for attorney's fees pursuant to ¶¶ 12:15-16 of the Contract, which provide:

> ¶ 15 . . . A defaulting party shall pay all damages, costs and expenses including, without limitation, attorney and accounting fees, reasonably incurred by the other party by reason of such default, with or without litigation.
>
> ¶ 16 Should either party default in any of the covenants or AGREEMENTS under the AGREEMENT, the defaulting party shall pay all damages, costs and expenses including, without limitation, attorney and accounting fees incurred by the other party by reason of such default with or without litigation.

(Dkt. # 227, Timothy G. Scanlon Decl., Ex. A). Both parties have interpreted these provisions as authorizing an award of attorney's fees to a prevailing party in any dispute arising out of the contract. However, the Court finds that these provisions do not authorize such an award because the plain language of these provisions merely provides for an award of attorney's fees in the case of a default by one of the parties. Because neither party was found to be in default on the Contract, (*See* Dkt. # 208, Verdict, May 21, 2010), the Court must conclude that an award of attorney's fees cannot be based on the Contract. Therefore, if attorney's fees are to be awarded in this case, the award must be based on a statute.

**ii.   Statutory Claims**

Both Western and Goodwin make claims for attorney's fees pursuant to California Civil Code § 1717, which provides in relevant part:

/

4

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

In order to properly analyze a claim for attorney's fees under this section the Court must consider the following questions: is there an action on the contract; if so, who is the prevailing party; and, finally, are the prevailing party's attorney's fees reasonable?

**1.     Is there an action on the contract?**

California courts have liberally construed the "on the contract" language in § 1717, explaining that "[a]s long as an action 'involves' a contract, and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit, the other party should also be entitled to attorney fees if it prevails, even if it does so by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract." *N. Assoc. v. Bell*, 184 Cal. App. 3d 860, 865 (Cal. Ct. App. 1986). A litigant, therefore, is not only entitled to recover attorney's fees under § 1717 if she brings a claim on a contract and prevails, she is also so entitled if she successfully defends against such a claim. *See Las Palmas Associates v. Las Palmas Ctr. Assoc.*, 235 Cal. App. 3d 1220, 1259-60 (1991). However, "[w]here a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action." *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129 (1979).

Given these rules, the Court concludes that § 1717 applies to this case. This case arose out of an alleged breach of contract. Western asserted several causes of actions claiming that Goodwin defaulted on the Contract. Furthermore, the Contract at issue specifically provides for attorney's fees to be awarded against a party found to be in default on the contract. Thus, this case involves an action on the contract as required by § 1717. Accordingly, the party who prevailed on the contractual claims should be awarded reasonable attorney's fees pursuant to § 1717. Western

1   argues that Goodwin cannot be awarded attorney's fees because Goodwin's promissory estoppel
2   claim is not a claim on the contract. The Court disagrees. Although Goodwin cannot recover
3   attorney's fees incurred in litigating his promissory estoppel claim, this fact does not prevent
4   Goodwin from recovering attorney's fees for his defense of the contractual claims.

**2.    If there is an action on the contract, who is the prevailing party?**

6   Section 1717(b)(1) states that the Court shall determine who prevailed on the
7   contract. Section 1717 provides direction for the Court in making that determination: the party
8   prevailing on the contract "shall be the party who recovered a greater relief in the action on the
9   contract. The court may also determine that there is no party prevailing on the contract for
10  purposes of this section." *Id*. The California Supreme Court has also provided direction. In *Hsu
11  v. Abbara*, 9 Cal. 4th 863, 876 (1995), it held that "the trial court is to compare the relief awarded
12  on the contract claim or claims with the parties demands on those same claims and their litigation
13  objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources."

14  The Court concludes that Goodwin is the prevailing party in this case. The Court
15  believes that the primary objective for both parties in this litigation was to obtain a successful
16  verdict on the contractual claims that Western asserted. Thus, because the jury denied these
17  contractual claims (totaling $477,000) the Court finds that Goodwin received greater relief in this
18  action.

19  Western argues that it was the prevailing party in the action because it successfully
20  obtained a writ of possession to recover equipment purportedly valued at $126,826.03, and
21  convinced Flora E. Goodwin to dismiss her counterclaim for damages at the time of trial. The
22  Court is not convinced by this argument. While the Court does acknowledge that the writ was an
23  important part of Western's litigation objectives, it is not convinced that the writ provided Western
24  with a greater amount of relief than Goodwin's successful defense of a $477,000 breach of
25  contract claim. The Court is even less convinced that the dismissal of the complaint and
26  counterclaims as to Flora Goodwin weighs in favor of Western's argument that it is the prevailing

1  party. Mrs. Goodwin voluntarily dismissed her counterclaims against Western after the Court
2  dismissed Western's claims against her—Western did not convince her to do so.
3    Western also argues that Goodwin's success on his promissory estoppel
4  counterclaim cannot be considered in determining prevailing party status because promissory
5  estoppel is not a claim on the contract, as required by § 1717. Although the Court agrees with this
6  argument, the Court fails to see how it modifies this analysis. Goodwin's attorney's fees claim is
7  based upon the jury's rejection of Western's contractual claims—not on his successful
8  counterclaim. Thus, because the Court finds that Goodwin's primary objective in this litigation
9  was a successful defense of Western's contractual claims, the Court finds that Goodwin is the
10 prevailing party.

11    **3.    Are the prevailing party's attorney's fees reasonable?**

12    Section 1717(a) states that the prevailing party "shall be entitled to reasonable
13 attorney's fees in addition to other costs," and that those fees "shall be fixed by the court . . . ."
14 Therefore, "the determination of what constitutes reasonable attorney fees is committed to the
15 discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of
16 discretion." *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623 (Cal. Ct. App. 1976). "The trial court
17 makes its determination after consideration of a number of factors, including the nature of the
18 litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed,
19 the attention given, the success or failure, and other circumstances in the case." *Id.* at 623–24.

20    The Court concludes that Goodwin was the prevailing party at trial and should
21 therefore be allowed to recover his attorney's fees. However, as discussed above, the Court may
22 only award those fees incurred in defense of the contractual claims. The fees incurred in the
23 prosecution of Goodwin's promissory estoppel claim are not recoverable under § 1717. This is
24 problematic because Goodwin's claim for attorney's fees does not make that distinction.
25 Goodwin's attorneys claim to have incurred $363,060.84 in attorney's fees and non-taxable costs,
26 but they do not specify how much of that total number represents the fees incurred in defense of

AO 72
(Rev. 8/82)

the contractual claims and how much was incurred in prosecution of the promissory estoppel claim. Consequently, the Court cannot determine at this time whether or not Goodwin's request is reasonable. Therefore, the Court orders both parties to file a supplemental brief addressing the following two questions:

> (1) Where the amount claimed for attorney's fees includes both awardable and non-awardable fees, can the court draw a distinction between both in awarding a prevailing party its reasonable fees?
>
> (2) If the answer to (1) is yes, how is the Court authorized to draw such a distinction?

This brief must be filed simultaneously by the parties *on* **October 18, 2010**. The parties will have one week in which to file a response.

## II.     Approval of Supersedeas Bond

Western asks the Court to approve a $150,000 supersedeas bond, and further requests a stay of execution pending appeal. Goodwin argues that the Court should postpone its decision on this issue until the award for attorney's fees is resolved, thus allowing for a potential award in his favor to be reflected in the bond. The Court is not convinced by Goodwin's argument. The Court finds that a $150,000 bond is sufficient to stay execution of the judgment pending appeal and, therefore, grants Western's motion.

## III.    Request for Hearing

Because the Court has addressed all of the pending motions in this matter Goodwin's motion for hearing is now moot. The Court therefore denies Goodwin's motion.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that:

- Goodwin's Motion for Attorney's Fees (#210) is RESERVED.
- Western's Motion for Attorney's Fees (#224) is DENIED.
- Western's Motion for Approval of Supersedeas Bond is GRANTED.

8

AO 72
(Rev. 8/82)

- Goodwin's Motion for Hearing (#249) is DENIED as moot.
- Both parties are to simultaneously file a supplemental brief on the questions presented in this Order on **October 18, 2010**.

Dated: September 29, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**