UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., a Delaware corporation and doing business as RAIN FOR RENT,<br><br>           Plaintiff,<br><br>    vs.<br><br>JERRY W. GOODWIN, an individual and doing business as O BAR CATTLE CO., SECURITY WEST FINANCIAL CO., INC., an Idaho Corporation; and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.: 2:09-cv-00286-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Attorneys' Fees–#210) |

      Before the Court is Defendants Jerry Goodwin and Flora E. Goodwin's ("Goodwin") **Motion for Attorneys' Fees and Costs** (#210), filed May 28, 2010. The Court has also considered Plaintiff Western Oilfields Supply Company's ("Western") Supplemental Brief (#256), filed October 15, 2010, and Goodwin's Supplemental Brief (#257), filed October 18, 2010.

### BACKGROUND

      On September 29, 2010, the Court issued an order ruling on other motions and reserving its decision on Goodwin's motion for attorney's fees. (Dkt. #250, Order.) Goodwin

1

seeks attorney's fees pursuant to California Civil Code § 1717, which provides for an award of reasonable attorney's fees to a party prevailing in an action on a contract. In that order, the Court determined that there was an action on the contract and that Goodwin was the prevailing party in the action. However, the Court determined that the fees requested by Goodwin may not be reasonable because they were incurred in litigating both contract and non-contract claims. Under § 1717, only those fees incurred in litigating contract claims may be awarded to a prevailing party. *Reynolds Metals Co. v. Alperson*, 599 P.2d 83, 86 (Cal. 1979). Accordingly, the Court ordered the parties to file supplemental briefs addressing the following two questions:

(1) Where the amount claimed for attorney's fees includes both awardable and non-awardable fees, can the court draw a distinction between both in awarding a prevailing party its reasonable fees?

(2) If the answer to (1) is yes, how is the Court authorized to draw such a distinction?

After reviewing the parties' supplemental briefs the Court can now consider the reasonableness of the fees requested by Goodwin. For the reasons discussed below, the Court grants Goodwin's motion for attorney's fees.

## DISCUSSION

### I.     Legal Standard

California Civil Code § 1717(a) provides for an award of reasonable attorney's fees to the prevailing party in a contract action. In cases involving both contract and non-contract claims, only those fees incurred in litigating contract claims may be awarded to the prevailing party. *Reynolds Metals*, 599 P.2d at 86. In such cases, it is both permitted and appropriate for the trial court to distinguish between awardable fees incurred in the contract action and non-awardable fees incurred in other non-contract claims. *F.D.I.C. v. Dintino*, 84 Cal. Rptr. 3d 38, 59 (Cal.Ct.App. 2008). Indeed, California law allows the trial court exercise broad discretion to determine the most appropriate method in which to allocate a fee award under § 1717. *Id*. An

/

AO 72
(Rev. 8/82)

award of attorney's fees can only be reversed on appeal for abuse of discretion. *Erickson v. R.E.M. Concepts, Inc.*, 25 Cal. Rptr. 3d 39, 47 (Cal.Ct.App. 2005).

When a case presents contract and non-contract claims that are "so interrelated that it would [be] impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required," *Akins v. Enterprise Rent-A-Car Co.*, 94 Cal. Rptr. 2d 448, 452 (Cal.Ct.App. 2000), but it is still permitted. *El Escorial Owners' Assn. v. DLC Plastering, Inc.*, 65 Cal. Rptr. 3d 524, 547 (Cal.Ct.App. 2007). In other words, interrelation of contract and non-contract claims allows a court to award the entire fee if doing so would be reasonable, but a court still has broad discretion to determine if allocation of the fee would be more appropriate. In deciding whether awardable and non-awardable fees are sufficiently interrelated to permit the court to award the entire fee, the trial court may ask whether a trial would "have been much shorter, much less complex, [and] with significantly fewer costs" if the non-contract claims were not part of the trial. *Id*.

**II.   Analysis**

The Court concludes that the breach of contract claim and the promissory estoppel claim are not so interrelated as to permit an award of the entire fee requested by Goodwin. Although the two claims arose out of the same transaction, they remain separate claims because they require proof of different elements and depend upon different factual conditions. If the promissory estoppel claim was not part of the litigation, the trial would have likely lasted half as long, would have been less complex, and the overall cost to Goodwin would have been noticeably smaller. Accordingly, the Court concludes that a reasonable award of attorney's fees would reduce Goodwin's requested fee amount by half. Therefore, the Court grants Goodwin's motion and awards him $181,530.42 in attorney's fees—an amount equal to half of the fees incurred at the time Goodwin filed this motion.

/

/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Goodwin's Motion for Attorney's Fees (#210) is GRANTED.

IT IS FURTHER ORDERED that the Court awards Goodwin $181,530.42 in attorney's fees.

Dated: November 3, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**