UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESTERN OILFIELDS SUPPLY CO., a Delaware corporation and doing business as RAIN FOR RENT,<br><br>            Plaintiff,<br><br>vs.<br><br>JERRY GOODWIN, an individual and doing business as O BAR CATTLE CO., FLORA E. GOODWIN, an individual and doing business as O BAR CATTLE CO., SECURITY WEST FINANCIAL CO., INC., an Idaho corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: 2:09-cv-00286-RLH-LRL<br><br>**O R D E R**<br><br>(Emergency Motion to Vacate–#293) |

Before the Court is non-party Johnson Spring Water Company, LLC's **Opposition to Stipulated Motion to Disburse Proceeds Deposited with Court and Emergency Motion to Vacate Order Granting Stipulated Motion to Disburse Proceeds Deposited with Court** (#293, filed Jan. 26, 2012). The Court has also considered Defendants' Jerry Goodwin and Flora Goodwin's Opposition (#295, filed Feb. 3), and Johnson Spring Water's Reply (#296, filed Feb. 8), in which it also requests permission to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure. The Court has also considered the Goodwin's Sur-Reply (#297, filed Feb. 15).

1

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises from Plaintiff Western Oilfields Supply Co.'s allegation that the Goodwins breached a contract entered into between Western and the Goodwins. Following a four-day trial, a jury returned a verdict in favor of the Goodwins, and awarded the Goodwin's $100,000 in damages for a counterclaim they had asserted. (#208, Jury Verdict, May 21, 2010). The Court subsequently granted to the Goodwins an award of attorneys' fees and costs in the amount of $181,530.42. (#258, Order, Nov. 3, 2010). Following an appeal by Western, the Ninth Circuit Court of Appeals affirmed both the jury verdict and the attorneys' fees award, (#272, Memorandum, Dec. 14, 2011), in addition to awarding the Goodwins an additional $61,321.50 in attorneys' fees. (#281, Order, Jan. 19, 2012).

This Court then entered judgment in the Goodwins' favor in the amount of $346,841.56, (#286, Amended Judgment, Jan. 23), and ordered Western to deposit that amount with the Court no later than January 31, (#287, Order, Jan. 23), which Western did (#289, Certificate of Cash Deposit, Jan. 25). Finally, the Court approved a stipulation to disburse the proceeds deposited by Western to one of the law firms representing the Goodwins—Hill, Johnson & Schmutz. (#291, Order on Stipulation, Jan. 26). Non-party Johnson Spring Water is the holder of a judgment entered against the Goodwins on December 29, 2009, in Nevada state court. The judgment amount is $342,237.49 Johnson Spring Water is asking the Court to vacate its order approving the stipulation to disburse the proceeds deposited by Western. For the reasons discussed below, the Court denies Johnson Spring Water's request.

**DISCUSSION**

**I.   Motion to Vacate Order on Stipulation**

Johnson Spring Water seeks at least a portion of the judgment entered in favor of the Goodwins in order to satisfy the judgment Johnson Spring Water obtained against the Goodwins in Nevada state court. Johnson Spring Water bases this motion on NRS 18.015, which establishes the authority and requirements for an attorney to obtain and enforce an attorney lien

1   against a judgment rendered in favor of the attorney's client.  Johnson Spring Water's motion fails

2   for at least two reasons, although if the Court looked at the motion any longer it could surely find

3   other reasons.

4   First, Johnson Spring Water has no standing to file such a motion in this case.  It is

5   not a party in this case, it has not filed an attorneys' fees lien in this case, and it has not previously[1]

6   sought to intervene for purposes of asserting a notice of a claim to the proceeds at issue.  Without

7   proper standing, therefore, Johnson has no right to challenge the Court's order approving the

8   stipulation to disburse the proceeds deposited by Western.  The Court dismisses the motion on this

9   ground alone.

10  Second, however, even if Johnson Spring Water did have standing the motion

11  would fail on substantive grounds.  The statute on which it bases this motion is not applicable

12  because the proceeds at issue were not distributed pursuant to an attorneys' fees lien under NRS

13  18.015, they were distributed pursuant to an order on a stipulation between the Goodwins and the

14  law firms that represented them.  However, even if NRS 18.015 applied, the law firms at issue

15  complied with its requirements.  With respect to the requirement that both the client and the

16  opposing party receive notice of an attorneys' lien, NRS 18.015(2), Defendant Jerry Goodwin

17  acknowledges that he received a copy of the attorneys' liens filed by both law firms and that he

18  showed the liens to his wife, the other Defendant, Flora Goodwin.  And Plaintiff Western Oilfields

19  received notice of the liens via CM-ECF when the liens were filed.  Because Johnson Spring

20  Water is not a party to this case, it was not entitled to the five days notice required by Subsection

21  (4).  Therefore, Johnson Spring Water's motion fails on substantive grounds as well.

22  In any event, Johnson Spring Water does not have standing to even file this motion

23  so it is denied.

24  ///

---

[1] Johnson Spring Water did request permission to intervene in this case, but it did so in its Reply to the Goodwins' Opposition to this motion.  The Court will address this request below.

## II. "Motion" to Intervene

In its Reply to the Goodwins' opposition to their motion to vacate, Johnson Spring Water requests permission under Rule 24 to intervene in this case. This request is also denied for at least two reasons. First, Johnson Spring Water cannot file a motion to intervene in a Reply brief. Local Rule 7-2 requires Johnson Spring Water to file an actual motion and support it with a memorandum of points and authorities. Thus, the request to intervene is procedurally defective and denied as such. Second, even if the motion were proper, it also fails on substantive grounds because it is untimely. Johnson Spring Water has had at least a year to seek leave to intervene, since it obtained the judgment against the Goodwins in Nevada state court, but it has failed to do so. In addition, Johnson Spring Water's request comes at what will likely be the last stage of this litigation, after trial and an appeal, and after judgment has been entered. The request is untimely and is therefore denied.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Johnson Spring Water's Emergency Motion to Vacate (#293) is DENIED. As previously ordered, the Court will disburse $346,841.56 to Hill, Johnson & Schmutz, made payable to "Hill, Johnson & Schmutz, LLC" c/o Stephen Quesenberry, 4844 N. 300 W., Suite 300, Provo, UT 84604.

IT IS FURTHER ORDERED that Johnson Spring Water's Motion to Intervene is DENIED.

Dated: April 11, 2012

_____
**ROGER L. HUNT**
**United States District Judge**